UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEON VAN DE CRUZE,

                              Plaintiff,

         -against-

THE CITY OF NEW YORK, P.O. DIERY LOUIS, Individually and in his Official Capacity, P.O. MARK HENRY, Shield No. 6715, Individually and in his Official Capacity, SERGEANT MATTHEW FERRIGINO, Individually and in his Official Capacity,

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, LEON VAN DE CRUZE, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. DIERY LOUIS, P.O. MARK HENRY, and SGT. MATTHEW FERRIGINO, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On January 9, 2011, at approximately 3:30 a.m., plaintiff LEON VAN DE CRUZE, was lawfully operating his motor vehicle, a blue 2004 Acura TL Sedan in the County of Kings, in the City and State of NEW YORK.

14. Plaintiff LEON VAN DE CRUZE was then ordered to pull over by P.O. LOIUS near the corner of Bushwick Avenue and Hancock Street, in the County of Kings, in the City and State of NEW YORK.

15. Plaintiff LEON VAN DE CRUZE immediately complied with the officer's request.

16. Upon stopping the vehicle, P.O. LOIUS informed plaintiff LEON VAN DE CRUZE that he was being pulled over on suspicion of fleeing from the scene of an accident that had occurred earlier that morning.

17. Plaintiff LEON VAN DE CRUZE informed P.O. Louis that he had not been involved in, nor had he fled the scene of, any accident.

18. Thereafter, P.O. LOUIS inquired into whether or not plaintiff LEON VAN DE CRUZE had been drinking alcohol.

19. Plaintiff LEON VAN DE CRUZE informed P.O. LOUIS that he had not been drinking, and was in-fact coming home from work.

20. Plaintiff LEON VAN DE CRUZE's breath did not smell like alcohol.

21. Plaintiff LEON VAN DE CRUZE's eyes were not red and watery.

22. Plaintiff LEON VAN DE CRUZE's speech was not slurred.

23. Plaintiff LEON VAN DE CRUZE did not have any bottles of alcohol, nor any other drinks, inside his vehicle.

24. Notwithstanding the absence of any incriminating evidence, plaintiff LEON VAN DE CRUZE was arrested by P.O. LOUIS and charged with driving under the influence of alcohol.

25. Plaintiff LEON VAN DE CRUZE was also charged with being involved in the accident that he had nothing to do with.

26. Thereafter, plaintiff LEON VAN DE CRUZE was taken to Central Booking, where he waited for one day before he was arraigned.

27. At his arraignment, a bail was set at an amount beyond plaintiff's means, and he was remanded to custody on Riker's Island.

28. Plaintiff LEON VAN DE CRUZE spent the next five (5) days on Riker's Island, until he was able to post bail.

29. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's office.

30. Specifically, defendant P.O LOUIS maliciously and deliberately lied about her claim that plaintiff LEON VAN DE CRUZE had alcohol on his breath, that his eyes were red and watery, that his speech was slurred, and that found inside plaintiff's motor vehicle was an open, half-empty bottle of vodka in plaintiff's center console.

31. Further, defendant P.O. HENRY maliciously and deliberately lied about his claim that plaintiff LEON VAN DE CRUZE struck P.O. HENRY's motor vehicle, got out of his own

motor-vehicle and had a conversation with P.O. HENRY, then got back into his motor vehicle and fled the scene.

32. Further, defendant SGT. FERRGINO maliciously and deliberately lied about his claim that he arrived on the scene of P.O. HENRY's accident in time to see plaintiff LEON VAN DE CRUZE flee the scene.

33. As a result of defendants perjurious conduct, plaintiff was forced to retain Douglas Rankin, Esq., criminal defense attorney, at a cost of over ten thousand ($10,000) dollars.

34. As a result of defendants' false claims, plaintiff LEON VAN DE CRUZE spent six (6) days in jail, and was required to make multiple court appearances for four and a half years to defend himself against the false assault charges which defendants had filed against him.

35. Notwithstanding defendants' unlawful and perjurious conduct, on June 19, 2015, plaintiff LEON VAN DE CRUZE was found not guilty by a jury before the Honorable J. Hecht.

36. As a result of the foregoing, plaintiff LEON VAN DE CRUZE sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39. All of the aforementioned acts deprived plaintiff LEON VAN DE CRUZE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth,

Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality.

## SECOND CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against LEON VAN DE CRUZE.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff LEON VAN DE CRUZE.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff LEON VAN DE CRUZE.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LEON VAN DE CRUZE.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff LEON VAN DE CRUZE.

52. Defendants acted with malice in continuing criminal proceedings against LEON VAN DE CRUZE.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LEON VAN DE CRUZE's favor on June, 19, 2015, when he was found not guilty by a jury of his peers.

55. As a result of the foregoing, plaintiff LEON VAN DE CRUZE sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as if the same were more fully set forth at length herein.

57. Defendants created false evidence against plaintiff LEON VAN DE CRUZE.

58. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

59.     In creating false evidence against plaintiff LEON VAN DE CRUZE and forwarding false evidence and information to prosecutors, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60.     As a result of the foregoing, plaintiff LEON VAN DE CRUZE sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if the same were more fully set forth at length herein.

62.     Defendants arrested and incarcerated plaintiff LEON VAN DE CRUZE in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate

indifference to the safety, well-being and constitutional rights of plaintiff LEON VAN DE CRUZE.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LEON VAN DE CRUZE as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LEON VAN DE CRUZE as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LEON VAN DE CRUZE was incarcerated unlawfully for six (6) days.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff LEON VAN DE CRUZE.

70. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LEON VAN DE CRUZE's constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiff LEON VAN DE CRUZE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

      D.      Not to have cruel and unusual punishment imposed upon him; and

      E.      To receive equal protection under the law.

### PENDANT STATE CLAIMS UNDER NEW YORK STATE LAW

72.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    On or about September 14, 2015, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

74.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

76.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: <u>MALICIOUS PROSECUTION</u>

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.    As a result of the foregoing, plaintiff LEON VAN DE CRUZE was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

79.     Plaintiff LEON VAN DE CRUZE was conscious of said confinement and did not consent to same.

80.     The confinement of plaintiff LEON VAN DE CRUZE was without probable cause and was not otherwise privileged.

81.     As a result of the aforementioned conduct, plaintiff LEON VAN DE CRUZE has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTION INFLICTION OF EMOTIONAL DISTRESS

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "81" as if the same were more fully set forth at length herein.

83.     Defendants engaged in extreme and outrageous conduct toward plaintiff LEON VAN DE CRUZE.

84.     Defendants' conduct was intended to cause plaintiff LEON VAN DE CRUZE to suffer severe emotional distress.

85.     Defendants disregarded a substantial probability that their conduct would cause LEON VAN DE CRUZE to suffer severe emotional distress.

86.     As a result of defendants' actions, LEON VAN DE CRUZE did in fact suffer severe emotional distress.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant CITY OF YORK selected, hired, trained, retained, assigned and supervised all NEW YORK CITY police officers, including P.O. DIERY LOUIS, P.O. MARK HENRY, and SGT. MATTHEW FERRIGINO

89. Defendant CITY OF YORK was negligent and careless when it selected, hired, trained, retained, assigned and supervised all members of its police department, including P.O. DIERY LOUIS, P.O. MARK HENRY, and SGT. MATTHEW FERRIGINO

90. Upon information and belief, defendants P.O. DIERY LOUIS, P.O. MARK HENRY, and SGT. MATTHEW FERRIGINO on prior occasions, had violated the Constitutional rights of other citizens, but were never properly disciplined for doing same.

91. Upon information and belief, defendant CITY OF YORK knew about the improper conduct of defendants P.O. DIERY LOUIS, P.O. MARK HENRY, and SGT. MATTHEW FERRIGINO but failed to adequately train, instruct, supervise and/or discipline said defendants.

92. As a result of the aforementioned conduct, plaintiff LEON VAN DE CRUZE suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**WHEREFORE**, plaintiff LEON VAN DE CRUZE demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        December 7, 2015

                              BY:  _____
                                   JON L. NORINSBERG (Jon@norinsberglaw.com)
                                   Attorney for Plaintiff
                                   225 Broadway, Suite 2700
                                   New York, N.Y. 10007
                                   (212) 791-5396